UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY NORTON and PAPER,** ) | |
| **ALLIED-INDUSTRIAL, CHEMICAL** ) | |
| **and ENERGY WORKERS** ) | |
| **INTERNATIONAL UNION,** ) | |
| **(AFL-CIO) and its LOCAL 5-0959,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 02-CV-0763-CVE-FHM |
| ) | |
| **FLOWSERVE CORPORATION** ) | |
| **PENSION PLAN,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court are the Plaintiffs' Objections to Magistrate Judge Order (Dkt. # 63). After the Court entered an Order compelling arbitration of this matter, the Court granted defendants' motion for interlocutory appeal to the Tenth Circuit Court of Appeals and stayed the case pending appeal. However, the Tenth Circuit declined to hear the appeal and plaintiffs filed a "Motion to Lift Stay and for Aid to Proceed to Arbitration" (Dkt. # 55).

Plaintiffs represent that the parties can not agree on the selection of an arbitrator. Plaintiffs propose to follow a procedure outlined in a collective bargaining agreement ("CBA") that is partly at issue in the underlying litigation. That procedure calls for obtaining a list of arbitrators from the Federal Mediation and Conciliation Service and permitting each side to strike arbitrators until one remains. Defendant does not oppose the motion to lift the stay, but defendant disagrees with the procedure outlined by plaintiffs.

Defendants argue that the Court, in its order compelling arbitration, rejected plaintiffs' demand for arbitration under the CBA and ordered arbitration, instead, under the pension plan at

issue. Defendants submit that this dispute requires a specialized arbitrator with experience in the practices of plans subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"). Accordingly, defendant propose a detailed arbitrator selection procedure which calls for the parties to propose a list of seven arbitrators, eliminate those who have conflicts, require proposed arbitrators to complete questionnaires, narrow the list, compare names, continue to narrow the list, if necessary, rank arbitrators and compare rankings, if necessary, until one arbitrator remains. If more than one remains, the Court is to select the arbitrator from among names provided pursuant to the procedure.

The Court referred to the magistrate judge the issues related to the selection of an arbitrator. Magistrate Judge McCarthy held a hearing and gave the parties the opportunity to file additional briefs on the issue. Counsel declined to submit any additional briefing. The magistrate judge states that, at the hearing, counsel for plaintiffs presented no specific objection to the proposed procedure put forward by defendant. The magistrate judge concluded that the CBA should not govern the selection of an arbitrator and that the procedure proposed by the defendant was adequate for the purposes of selecting an arbitrator under the pension plan at issue. Accordingly, he ordered that the parties utilize the arbitrator selection procedure proposed by defendant. Order, Dkt. # 62, entered April 15, 2005.

The Court finds that the magistrate judge's order was not "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a). Contrary to plaintiffs' assertions, the procedure outlined by defendants does not produce a "lackey" or "partisan" for one side or the other, but gives each side the opportunity to propose and choose a fair and impartial arbitrator who has some familiarity with the issues presented. Over the defendants' objections, plaintiffs have repeatedly insisted on

arbitration of this dispute, which is now several years old. The magistrate judge has determined that the procedure outlined by defendants is adequate. Arbitration should proceed expeditiously forthwith.

**IT IS THEREFORE ORDERED** that the magistrate judge's April 15, 2005 order (Dkt. # 62) is hereby **AFFIRMED**; plaintiffs' objections (Dkt. # 63) are hereby **DENIED**.

**DATED** this 7th day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT