# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY NORTON and PAPER, ALLIED-INDUSTRIAL, CHEMICAL AND ENERGY WORKERS INTER-NATIONAL UNION, (AFL-CIO) and its LOCAL 5-0959, | ) ) ) ) ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| vs. | ) | No. 02-CV-763-CVE-FHM |
| | ) | |
| FLOWSERVE CORPORATION PENSION PLAN, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

## REPORT AND RECOMMENDATION

Defendant's Motion for Amendment or Relief From Order Appointing Arbitrator [Dkt. 82] has been referred to the undersigned United States Magistrate Judge [Dkt. 83].[1]

Defendant seeks relief from the Court's Order appointing Joseph F. Clark (Clark) as arbitrator in this matter [Dkt. 81] and requests that the Court appoint Ira Jaffe as arbitrator. Defendant contends such relief is appropriate under Fed.R.Civ. P. 59(e) and 60(b) and is necessary to prevent clear error and manifest injustice, to consider new evidence, and to provide relief from material misrepresentations.  In its motion and its reply Defendant alleges that Clark's questionnaire responses were "materially misleading," contained "misrepresentations," and that he "misrepresented his neutrality." [Dkt. 82-1, pp. 1, 3; Dkt.

---

[1]    Pursuant to 28 U.S.C. § 636(b)(1)(B) and (3), the undersigned will proceed by report and recommendation. *McLeod, Alexander, Powel & APFFEL, P.C., v. Quarles*, 925 F.2d 853, 856 (5th Cir. 1991)(finding 28 U.S.C. § 636 grants United States Magistrate Judges authority to tender proposed findings and to issue recommendations for the disposition of motions brought under Fed.R.Civ.P. 60(b)).

85, p. 2].  In support of its motion, Defendant attached pages from Clark's website which describe Clark's practice areas including ERISA claims.

Contrary to Defendant's allegations, the questionnaire responses were not misleading, nor were they misrepresentations.  The questionnaire responses specifically disclose Clark's representation of 86 beneficiaries seeking ERISA benefits.  If Defendant desired more information concerning Clark's responses, the Arbitrator Selection Procedure proposed by Defendant and adopted by the Court, contained a mechanism at Paragraph 3.2 for Defendant to obtain complete responses. [Dkt. 56, p. 13].  Nothing within the pages submitted from Clark's public website contradicts his questionnaire responses.

Defendant also contends that Clark misrepresented his neutrality.  In support, Defendant refers to question 8 of the questionnaire which asked Clark to "describe credentials that support your objective neutrality between labor and management."  [Dkt. 79-2, p.4].  Clark answered that he has never represented any labor unions and had not represented management in 15 years.  *Id*.  Defendant essentially argues that Clark's response misrepresents his neutrality because he represents ERISA claimants.  Since the question asked about the topic of neutrality between labor and management and elsewhere Clark disclosed his representation of 86 beneficiaries seeking ERISA benefits, the undersigned fails to discern any possible misrepresentation.

Defendant also questions Clark's impartiality.  Aside from the fact that Clark has represented ERISA claimants, Defendant has offered nothing to suggest he will be unable to act impartially as an arbitrator.  Clark's representation of plaintiffs in ERISA cases does not, by itself, establish that Clark will not be impartial as an arbitrator.

Defendant's contention that Clark is unqualified to act as arbitrator because he has no experience with ERISA pension disputes is also unpersuasive.  Defendant has offered nothing to suggest that an experienced attorney like Clark will be unable to handle the legal issues to be presented.  Further, the undersigned notes that the Arbitrator Selection Procedure does not require any particular experience.  In fact, the Procedure provides: "Each Party shall have exclusive discretion in developing its list of proposed arbitrators." [Dkt. 56, pp. 12-13].

Finally, Defendant's claim that Plaintiff "ambushed" the Defendant and acted in "bad faith" by filing the Notice to Court to Appoint Arbitrator [Dkt. 79] provides no basis for relief. Defendant's assertion that it did not have a meaningful opportunity to contest Clark's qualifications ignores the fact that the Arbitrator Selection Procedure contains no provision for such a contest.  Furthermore, Plaintiff's notice provided only the qualifications of the three potential arbitrators, unaccompanied by any argument.

Defendant has failed to establish that it is entitled to relief under either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *Dougal v. State Farm*, 2006 WL 1720547 (N.D. Ok.).  The undersigned, therefore, RECOMMENDS that Defendant's Motion for Amendment or Relief From Order Appointing Arbitrator [Dkt. 82] be DENIED.

In accordance with 28 U.S.C. §636(b) and Fed.R.Civ.P. 72(b), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the District Judge to:

make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  **Only a timely specific objection will preserve an issue for de novo review by the District Court or for appellate review.**

SUBMITTED this 30th day of August, 2006.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

4