UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY NORTON and PAPER,** ) | |
| **ALLIED-INDUSTRIAL, CHEMICAL** ) | |
| **and ENERGY WORKERS** ) | |
| **INTERNATIONAL UNION,** ) | |
| **(AFL-CIO) and its LOCAL 5-0959,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 02-CV-0763-CVE-FHM |
| ) | |
| **FLOWSERVE CORPORATION** ) | |
| **PENSION PLAN,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

On August 30, 2006, Magistrate Judge Frank H. McCarthy entered a report and recommendation (Dkt. # 86) that the Court deny defendant's Motion for Amendment or Relief from Order Appointing Arbitrator (Dkt. # 82). Defendant filed an objection to the report and recommendation (Dkt. # 87).

**I.**

Plaintiffs filed an amended complaint against Flowserve Corporation Pension Plan ("Flowserve") alleging violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1101 et seq. ("ERISA"). Plaintiff Norton claims that he has a vested right to benefits under the retirement plan, but has yet to receive any retirement benefits. On April 15, 2005, the Court held that the plan documents required the parties to resolve their dispute in arbitration and established

procedures for selecting an arbitrator.[1]  Flowserve moved the Court to appoint an arbitrator from its list of potential arbitrators, and the matter was referred to the magistrate judge for resolution.  The magistrate judge denied Flowserve's motion and refused to appoint an arbitrator before the conclusion of the arbitrator selection procedures outlined in the Court's April 15, 2005 order.

Even though the Court ordered the parties to select an arbitrator by March 13, 2006, the parties failed to reach an agreement.  Flowserve filed a second motion requesting the Court to select an arbitrator from its list of potential candidates, which the magistrate judge denied.  On June 16, 2006, plaintiffs filed a notice advising the Court the parties could not agree on an arbitrator from the three remaining candidates.  This procedure was authorized by the Court's order in the event the parties failed to agree on an arbitrator.  The final list of potential arbitrators included Joseph F. Clark, Jr., Ira F. Jaffe, and Maynard I. Ungerman.  Flowserve filed a response to the notice, but refrained from advocating for a particular arbitrator.  After reviewing the questionnaires completed by the candidates, the Court selected Clark to arbitrate the parties' dispute.

Flowserve filed a motion asking the Court to reconsider its selection, which was referred to the magistrate judge for report and recommendation.  Flowserve argued that Clark would be impartial in favor of plaintiffs, because his legal practice relates exclusively to litigating claims against benefit providers.  It also argued that Clark had no experience resolving pension plan disputes and was not qualified to serve as an arbitrator in this case.  The magistrate judge recommended that Flowserve's motion be denied.  He found that Clark did not misrepresent his neutrality or the nature of his legal practice in his responses to the questionnaire.  The selection

---

[1] Plaintiffs appealed the magistrate judge's order (Dkt. # 62) adopting Flowserve's proposed procedures for selecting an arbitrator.  This Court found that the magistrate judge's order was not clearly erroneous or contrary to the law, and affirmed his order.  See Dkt. # 65.

procedures utilized by the parties did not require any particular experience with ERISA disputes involving pension plans, and plaintiffs did not ambush Flowserve by notifying the Court of a need for the Court make the final selection of an arbitrator. Pursuant to Fed. R. Civ. P. 72(b), Flowserve objected to the report and recommendation.

## II.

Without consent of the parties, the Court may refer a pretrial matter to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 10 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

## III.

The magistrate judge found that Flowserve did not provide a basis for the Court to reconsider its order appointing Clark as arbitrator. The magistrate judge applied the correct standard of review to Flowserve's motion, but the Court recognizes its duty to review to Flowserve's objection de novo. The Court will consider defendant's motion to reconsider under Fed. R. Civ. P. 54(b), as the underlying order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir.

2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review Flowserve's motion under the standards applicable to Rule 59(e) motions.

Flowserve claims that Clark provided misleading responses to the questionnaire, and intentionally disguised his experience representing plaintiffs in ERISA cases. However, Clark specifically stated that he has represented 86 beneficiaries in ERISA cases against benefit plans. He did not attempt to disguise the fact that he has exclusively represented beneficiaries. Flowserve may have inferred that Clark represented a broader range of clients, but his response did not invite such a conclusion. He clearly notified the parties that he has not represented a corporation or management of a corporation as a defense attorney for at least 15 years. See Dkt. # 79, Ex. 1, Arbitrator Panel Questionnaire, at 5. Flowserve should have raised this objection before the Court appointed an arbitrator, as the Court did allow Flowserve to file a response before appointing an arbitrator. Under the procedures adopted by the Court, Flowserve could have requested additional information or clarification of this response during the selection process. There is no indication that Clark provided misleading responses, or that the Court was misled by his responses when it initially appointed him as arbitrator. This is not a basis for the Court to reconsider its previous order.

There is no basis to conclude that Clark lacks the necessary experience related to pension plan disputes under ERISA. Clark is an experienced attorney who has litigated at least 86 ERISA cases. The magistrate judge correctly noted that the procedures to select an arbitrator did not require

any particular level of experience with ERISA pension plans. The primary requirement was that the parties select a fair and impartial arbitrator that had some familiarity with the issues raised by this case. There is no reason to doubt that Clark's experience with ERISA claims qualifies him to serve as arbitrator of this matter, or that the nature of his legal experience suggests he will be impartial when resolving the parties' dispute.[2]

Flowserve was not ambushed by the Court's selection of an arbitrator, because the Court waited for Flowserve to respond to plaintiffs' notice before selecting an arbitrator. Flowserve could have requested additional time if it wished to brief the issue more thoroughly, but it elected to confine its response to the issue of plaintiffs' concerns about prejudice of an out-of-state arbitrator. Plaintiffs' notice did not advocate for a particular arbitrator, but simply provided a list of three candidates and their questionnaire responses. Although the parties may have agreed on a different method to present the choices to the Court, Flowserve did not suffer any prejudice from the plaintiffs' method of providing notice to the Court. Flowserve clearly disagrees with the Court's selection of an arbitrator. However, this is not a basis for the Court to reconsider its previous order, as Flowserve has not presented newly discovered evidence or shown that manifest injustice will result from appointing Clark to arbitrate this matter.

---

[2] Plaintiffs point out that, under the arbitration selection procedures, when the parties narrowed the list to five candidates, each side was required to select two potential arbitrators from the other party's list. Thus, defendant essentially selected Clark as one of the final candidates to be appointed arbitrator, because it failed to eliminate him from consideration at this preliminary stage.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 86) is **accepted** and defendant's Motion for Amendment or Relief from Order Appointing Arbitrator (Dkt. # 82) is **denied**.

**DATED** this 27th day of September, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT