UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY NORTON and PAPER, ALLIED-INDUSTRIAL, CHEMICAL and ENERGY WORKERS INTERNATIONAL UNION, (AFL-CIO) and its LOCAL 5-0959,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>FLOWSERVE CORPORATION PENSION PLAN,  )<br><br>Defendant.  ) | Case No. 02-CV-0763-CVE-FHM |

## OPINION AND ORDER

Now before the Court is defendant's Motion for Relief from Order and Judgment (Dkt. # 95). On October 24, 2007, the Court entered an order granting plaintiff's motion to confirm the arbitrator's ruling and entered judgment accordingly. Defendant Flowserve Corporation Pension Plan ("Flowserve") claims that it did not receive notice of plaintiff's motion to confirm the arbitrator's ruling and enter judgment, and Flowserve asks the Court to vacate its order (Dkt. # 93) and judgment (Dkt. # 94).

Plaintiff filed this lawsuit to recover unpaid pension benefits from Flowserve. Plaintiff belonged to Allied-Industrial, Chemical and Energy Workers International Union ("Allied"), and Allied had negotiated a collective bargaining agreement with plaintiff's employer, Flowserve Corporation. The collective bargaining between Allied and Flowserve Corporation compelled participants in the pension plan to resolve claims of unpaid pension benefits through arbitration. In this case, plaintiff demanded arbitration and Flowserve objected. After a lengthy dispute between the parties, the Court ordered the parties to arbitrate plaintiff's claim for pension benefits. The Court

established procedures to select an arbitrator and Joseph F. Clark, Jr. ("Clark") was appointed to serve as arbitrator. The matter was referred to arbitration on September 27, 2006 and the Court administratively closed this case.

Clark issued a ruling in favor of plaintiff on September 27, 2007. On October 2, 2007, plaintiff filed a motion requesting that the Court confirm the arbitrator's decision awarding pension benefits to plaintiff and that the Court enter judgment in favor of plaintiff. Receiving no response from defendant, the Court granted plaintiff's unopposed motion and entered judgment on October 24, 2007. Flowserve filed a motion to vacate the Court's order and judgment on November 1, 2007, because it claims that plaintiff failed to serve a copy of his motion on Flowserve's lead counsel. Counsel for Flowserve, George Cicotte ("Cicotte"), does not receive electronic notification of court filings, and he claims that plaintiff's counsel did not serve him with a copy of plaintiff's motion by mail or facsimile. The Court shortened the time for plaintiff to respond to Flowserve's motion to vacate from November 19, 2007 to November 7, 2007 but, at this time, plaintiff has not responded.[1]

Defendant requests relief from the Court's judgment pursuant Fed. R. Civ. P. 60(b). Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated

---

[1] When a party fails to respond to a non-dispositive motion, the Court has the discretion to treat the motion as confessed pursuant to LCvR. 7.2(e). Although parties are normally given 18 days to file a response, the Court determined that the issues raised in defendant's motion to vacate required expedited attention and provided plaintiff notice of the shortened response deadline. Plaintiff has been given adequate time to file a response and, as no response has been received, the Court will treat defendant's motion to vacate as confessed under LCvR 7.2(e).

2

>intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) "'is an extraordinary procedure' which 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that judge be done in light of *all* the facts.'" Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (citations omitted) (emphasis in original).

Defense counsel, Cicotte, states that he did not receive notice of plaintiff's motion to confirm the arbitrator's award and enter judgment but, if he had received notice, he would have filed a response to plaintiff's motion on behalf of Flowserve. Cicotte states that he has prepared every pleading on behalf of defendant and that plaintiff has sent him copies of plaintiff's pleading by mail throughout this case. The Court has adopted CM/ECF Policies and Procedures that govern how a non-CM/ECF user should receive service:

>Parties and/or attorneys who are not CM/ECF Users **must** be served with a copy of any pleading or other document filed electronically in accordance with the Federal Rules of Civil Procedure and the Local Rules.

CM/ECF Administrative Guide of Policies and Procedures, at VIII(A) (emphasis in original). The certificate of service for plaintiff's motion to confirm the arbitrator's decision states only that "the foregoing document was served via electronic notice by the CM/ECF filing system to all parties on their list of parties to be served in effect this date." Dkt. # 91, at 3. Based on the certificate of service, as signed by plaintiff's counsel, plaintiff failed to properly serve his motion on Cicotte.

Although Flowserve cites Rule 60(b)(1) and (6), its motion is properly considered as a motion under Rule 60(b)(4) to challenge a void judgment. Orner v. Shalala, 30 F.3d 1307 (10th Cir.

3

1994) (judgment may be void under Rule 60(b)(4) if obtained without proper notice to opposing party); In re Four Seasons Securities Laws Litigation, 502 F.2d 834 (10th Cir. 1974) (judgments entered in a manner inconsistent with due process are properly challenged under Rule 60(b)(4)). "[W]hen Rule 60(b)(4) is applicable, 'relief is not a discretionary matter; it is mandatory.'" Orner, 30 F.3d at 1310 (quoting V.T.A. Inc. v. Airco, Inc., 597 F.2d 220, 224 n.8 (10th Cir. 1979)); see also Carter v. Fenner, 136 F.3d 1000, 1006 (5th Cir. 1998). The Court has already found that plaintiff's counsel failed to comply with the notice requirement for non-CM/ECF users. While it appears that local counsel for Flowserve, Stephen Andrew, received electronic notification of plaintiff's motion to confirm the arbitrator's decision, Cicotte has filed an affidavit stating that he had no notice of plaintiff's motion.

Flowserve's factual allegations, confessed by plaintiff, call into question the validity of the Court's order and judgment confirming the arbitrator's decision. The Court's judgment, obtained by plaintiff without proper notice to defendant, would be subject to collateral attack if plaintiff attempted to enforce his judgment. Hanley v. Four Corners Vacation Properties, Inc., 480 F.2d 536, 538 (10th Cir. 1973) ("A judgment entered without adequate notice to the parties is void and subject to collateral attack."). Plaintiff will not suffer any prejudice if the Court's order and judgment are vacated and Flowserve is permitted to file a response to plaintiff's motion. Under these circumstances, the Court finds that its order confirming the arbitrator's decision (Dkt. # 93) and judgment (Dkt. # 94) should be vacated. Plaintiff's motion to confirm the arbitrator's decision and enter judgment (Dkt. ## 91, 92) will be reinstated as pending motions and defendant will be permitted to file a response.

**IT IS THEREFORE ORDERED** that defendant's Motion for Relief from Order and Judgment (Dkt. # 95) is **granted**, and this matter is **reopened**.

**IT IS FURTHER ORDERED** that the Court's order confirming the arbitrator's award (Dkt. # 93) and judgment (Dkt. # 94) are **vacated**. Plaintiff's Motion to Confirm and Enter Judgment on Arbitration Award (Dkt. ## 91, 92) will be reinstated as pending motions, and defendant's response is due no later than **December 4, 2007**.

**DATED** this 16th day of November, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT